Joseph C. Andras (Cal Bar 138181)
**Myers Andras Ashman Bisol LLP**
19900 MacArthur Blvd., Ste 530
Irvine, CA  92612
Tel: 949-223-9600
Email: ja@maablaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGHTLIGHT CHRISTIAN ADOPTIONS, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOTRENEGADE LLC, a Wyoming corporation,<br><br>Defendant. | Case No. 8:22-cv-1848<br><br>**COMPLAINT FOR:**<br>**(1) Federal Trademark Infringement**<br>**(2) California Common Law Trademark Infringement**<br>**(3) Federal Unfair Competition**<br>**(4) California Unfair Competition**<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiff Nightlight Christian Adoptions ("Plaintiff" or "Nightlight"), by and through its attorneys, alleges for its complaint against Defendants dotrenegade LLC ("Defendant" or "Dotrenegade"), as follows:

## INTRODUCTION

1. This complaint seeks a judgment of liability against Defendant for infringement of Plaintiff's federal trademark registration of SNOWFLAKES® under the Lanham Act, for infringement of Plaintiff's common law trademark rights, for false designation of origin under the Lanham Act, and for unfair competition under the Lanham Act and California state law.

2. Plaintiff reserves the right to amend this complaint should it become aware of additional facts further supporting its claims stated hereinbelow.

## THE PARTIES

3. Plaintiff Nightlight Christian Adoptions ("Plaintiff" or "Nightlight") is a California nonprofit corporation having its principal place of business at 1528 Brookhollow Drive, #100, Santa Ana, CA 92705. Of relevance to this action, Nightlight provides embryo-related adoption agency services or placement services under a federally registered trademark "SNOWFLAKES."

4. Defendant dotrenegade LLC ("Defendant" or "Dotrenegade") is a Wyoming limited liability company believed to be owned, operated, managed, and/or controlled by Harleigh Abel. Dotrenegade has a mailing address on file with the Wyoming Secretary of State of 10900 Research Blvd Ste 160C PMB 3003, Austin, TX 78759, and a principal office address on file with the Wyoming Secretary of State as Calle 54 #410A x 45 y 47 Centro Dept #9, Merida, Yucatan, Mexico. Dotrenegade operates an interactive website at http://snowflakebaby.com (sometimes hereinafter "*snowflakebaby.com*")

5. On information and belief, Harleigh Abel ("Abel") is a United States citizen who resides in Mexico, and is the managing owner of Dotrenegade and/or a Dotrenegade operative.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §§ 1121(a), 1331, 1338(a), 1338(b), and 1367.

7. Venue is proper under 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(c)(2) since all Defendants "reside" in this judicial district. Venue is also proper under 28 U.S.C. §1391(b)(2).

8. This Court has personal jurisdiction over Defendant Dotrenegade in that it uses *snowflakebaby.com* to purposely direct its embryo matching services to residents of the State of California.

9. Defendant has already made a commercial transaction with at least two California residents via *snowflakebaby.com*, namely an embryo donor account on *snowflakebaby.com* for a California couple named "Carry&Leo" who reside in Sacramento, California.

## FACTS COMMON TO ALL CLAIMS

**Plaintiff Nightlight and its Valuable SNOWFLAKES Trademark**

10. Plaintiff Nightlight Christian Adoptions or its predecessors in interest have been offering adoption agency services and placement services since the 1960s.

11. Plaintiff offers many different types of adoption agency services and placement services.

12. Most adoptions throughout the United States are governed by state statutes providing protection for the placing and adopting parents and child. However, the courts have treated embryos as property, albeit property of a "special" character (see e.g. *In re Marriage of Katsap*, 2022 Ill. App. 2d 210706 (Ill. App. Ct. 2022), *McQueen v. Gadberry*, 507 S.W.3d 127 (Mo. Ct. App. 2016)) and have not required specific laws to govern the placement and receiving of embryos. Absent a specific agreement for the mother carrying a child and giving

1  birth to the child not to be legally considered the legal mother of the child, such as
2  with a surrogacy agreement, a woman receiving an embryo and giving birth to the
3  baby is considered the legal mother without the involvement of local courts.

4      13.    Plaintiff's conventional adoption services, performed under its license
5  as an adoption agency, are for mothers with unplanned pregnancies and for
6  children who need a safe and permanent home.  Plaintiff serves birth mothers,
7  children, and adopting families with both domestic and international adoptions.
8  Plaintiff's provision of family screening, education, matching and placement
9  services for embryos is performed with the same care and ethical standards of
10 traditional adoptions, but does not require coverage of its license as an adoption
11 agency.

12     14.    In 1998, Plaintiff pioneered the world's first embryo adoption
13 program.

14     15.    Plaintiff chose the word SNOWFLAKES® as a trademark for its
15 embryo adoption program because it relates to the well-known saying, "No two
16 snowflakes are alike," which suggestively alludes to the fact that each in vitro
17 fertilized (IVF) egg —or embryo—is unique and necessarily stored at very low
18 temperatures in a cryostorage facility for later use by the potential mother.

19     16.    Plaintiff's SNOWFLAKES®-brand embryo adoption program helps
20 prevent the unnecessary disposal of embryos by matching donor families who are
21 paying for storage of embryos, but no longer need the embryos, with recipient
22 families who want and are prepared to use the embryos to start families of their
23 own.

24     17.    Plaintiff owns U.S. Federal Trademark Registration No. 4,628,577 for
25 "SNOWFLAKES" for "adoption agencies; adoption placement," which was placed
26 on the Principal Register on October 28, 2014, claiming a date of first use in

commerce of March 1, 1998. A copy of the registration certificate for U.S. Federal Trademark Registration No. 4,628,577 is attached hereto as **Exhibit 1**. This registration is incontestable under the provisions of the Lanham Act.

### Defendant's Wrongful Activities

18. In May 2022, Plaintiff learned about *snowflakebaby*.com which is using the term SNOWFLAKES, albeit in the singular, in the URL web address and on the website itself as a reference to embryo adoption or placement.

19. On or about May 24, 2022, Plaintiff wrote to Abel and politely asked her to respect Plaintiff's trademark rights in the term SNOWFLAKES and to choose a different name and web address. Abel wrote back and refused to change the name. Instead, she insisted she had the right to use "OUR trademarked name **Snowflake Baby®**" (emphasis in original), and further suggested that Plaintiff should do its own "research with the USPTO office, before making threats." See **Exhibit 2**.

20. Plaintiff investigated Abel's assertions and learned that on or about April 8, 2022, Abel had caused her company, Dotrenegade, to file an *application* for registration of "Snowflake Baby" as a trademark in the United States Patent and Trademark Office.

21. As of the date of filing of this complaint, Dotgrenegade's application to register "Snowflake Baby" is still pending and has not yet been examined. It is not a federally registered trademark.

22. On or about June 14, 2022, Plaintiff filed a Letter of Protest with the USPTO, contending that evidence should be placed in the application file showing that Dotgrenegade's application to register "Snowflake Baby" should be refused as

```
```

confusingly similar with Plaintiff's federally registered trademark for "SNOWFLAKES." The Letter of Protest was granted.

23. The Defendant's website at *snowflakebaby*.com is directed to embryo adoption and placement services and the use of SNOWFLAKE BABY in the website's URL web address, in the banner, and throughout the website is creating a likelihood of confusion with Plaintiff's federally registered trademark for "SNOWFLAKES" for embryo adoption and placement services:



## **COUNT I**

**(Trademark Infringement Under the Lanham Act – 15 U.S.C § 1114)**

24. Plaintiff repeats and incorporates the facts and allegations of paragraphs 1 through 23 above, inclusive, as though fully set forth herein.

25. This claim is against Defendant for trademark infringement in violation of Lanham Act, 15 U.S.C § 1114.

26. Plaintiff owns exclusive rights to the mark SNOWFLAKES in the United States in connection with adoption agency and adoption placement services, including for use with embryos, based on Plaintiff's use of the SNOWFLAKES mark in connection with such services since approximately 1998, without interruption. Such exclusive rights are evidenced by the trademark registration attached hereto as **Exhibit 1**.

27. Defendant has used, and is using, in interstate commerce the mark SNOWFLAKE BABY as a service mark in connection with matching embryo donors with embryo recipiences, i.e. for adoption agency or placement services for embryos, in such a way that is likely to cause confusion, to cause mistake, or to deceive, as to the affiliation, connection, or association between Defendant and Plaintiff and its SNOWFLAKES mark. Defendant has undertaken such acts willfully, intentionally and without permission or authorization from Plaintiff.

28. Defendant has therefore infringed and is infringing Plaintiff's SNOWFLAKES trademark in violation of the Lanham Act, 15 U.S.C § 1114.

29. Upon information and belief, at all times relevant to this action, including the time Defendant first adopted its SNOWFLAKE BABY mark and commenced its commercial use of the mark in connection with adoption agency or placement services for embryos, Defendant knew of Plaintiff's prior adoption, ownership, and commercial use of its SNOWFLAKES mark in connection with adoption agency or placement services for embryos and, thus, was a blatant attempt to trade on Plaintiff's goodwill and good reputation. Defendant's infringement of Plaintiff's SNOWFLAKES mark is therefore willful and deliberate.

30. Because Defendants' acts have been committed willfully, intentionally, and with the intent to profit from Plaintiff's goodwill in its trademarks and its services, this is an exceptional case and Plaintiff is entitled to recover its attorneys' fees, costs, and expenses associated with this action.

31. Furthermore, in light of Defendant's willful and intentionally infringing activities, Plaintiff is entitled to recover Defendant's profits and to have Plaintiff's damages, trebled, pursuant to 15 U.S.C. §§ 1117(a) and 1117(b).

32. By reason of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of trademark infringement.

33. Plaintiff is therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Defendant and those in concert with Defendant and those directing the infringing conduct.

## COUNT II

**(California Common Law Trademark Infringement)**

34. Plaintiff repeats and incorporates the facts and allegations of paragraphs 1 through 33 above, inclusive, as though fully set forth herein.

35. This claim is against Defendant for infringement of Plaintiff's California common law trademark rights.

36. Plaintiff owns exclusive rights to the mark SNOWFLAKES in the United States in connection with adoption agency services and adoption placement services, including for use with embryos, based on Plaintiff's use of the SNOWFLAKES mark in connection with such services since approximately 1998, without interruption.

37. Defendant has used, and is using, in interstate commerce the mark SNOWFLAKE BABY as a service mark in connection with matching embryo donors with embryo recipiences, i.e. for adoption agency services or placement services for embryos, in such a way that is likely to cause confusion, to cause mistake, or to deceive, as to the affiliation, connection, or association between Defendant and Plaintiff and its SNOWFLAKES mark. Defendant has undertaken

such acts willfully, intentionally and without permission or authorization from Plaintiff.

38. Defendant has therefore infringed and is infringing Plaintiff's California common law trademark rights in the SNOWFLAKES trademark.

39. Upon information and belief, at all times relevant to this action, including the time Defendant first adopted its SNOWFLAKE BABY mark and commenced its commercial use of the mark in connection with adoption agency or placement services for embryos, Defendant knew of Plaintiff's prior adoption, ownership, and commercial use of its SNOWFLAKES mark in connection with adoption agency or placement services for embryos and, thus, was a blatant attempt to trade on Plaintiff's goodwill and good reputation. Defendant's infringement of Plaintiff's SNOWFLAKES mark is therefore willful and deliberate.

40. Because Defendants' acts have been committed willfully, intentionally, and with the intent to profit from Plaintiff's goodwill in its trademarks and its services, this is an exceptional case and Plaintiff is entitled to recover its attorneys' fees, costs, and expenses associated with this action.

41. By reason of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of trademark infringement.

42. Plaintiff is therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Defendant and those in concert with Defendant and those directing the infringing conduct.

## COUNT III

**(Unfair Competition under the Lanham Act — 15 U.S.C. § 1125(a))**

43. Plaintiff repeats and incorporates the facts and allegations of paragraphs 1 through 42 above, inclusive, as though fully set forth herein.

44. This claim is against Defendant for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).

45. The SNOWFLAKES mark is wholly associated with Plaintiff due to its long, continuous, and extensive use of the mark, and as such, Plaintiff is deserving of having its mark adequately protected with respect to the conduct of its services.

46. Defendant's use of substantially the same mark in the name SNOWFLAKE BABY comprises unfair competition in that customers and would be customer are likely to be confused concerning the origin and/or sponsorship of services having nearly identical names and marks associated with them in the marketplace, as well as the existence of an affiliation, connection, or association between Nightlight and Defendant.

47. Defendants' aforesaid acts, and each of them, constitute unfair competition in violation of 15 U.S.C. 1125(a). Defendants have undertaken such acts willfully, intentionally, and without permission or authorization from Nightlight.

48. As a direct and proximate result of the aforesaid acts of unfair competition, Defendant has wrongfully taken Plaintiff's profits and the benefit of its creativity and investment of time, energy and money. Defendant should therefore disgorge all profits from the sale of its infringing, inferior services, and further should be ordered to perform full restitution to Plaintiff as a consequence of their its competitive activities. Defendant is also liable for any incidental,

consequential, or other monetary damages proximately caused by its unfairly competitive activities.

49. By reason of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of unfair competition.

50. Plaintiff is therefore entitled to a preliminary injunction and a permanent injunction against further unfair competition by Defendant and those in concert with Defendant and those directing the infringing conduct.

## COUNT IV

**(Unfair Competition under California Law –**

**California Business & Professions Code § 17200 et seq.)**

51. Plaintiff repeats and incorporates the facts and allegations of paragraphs 1 through 50 above, inclusive, as though fully set forth herein.

52. This claim is against Defendant for unfair competition under California Business & Professions Code § 17200 et seq..

53. Defendant's business practices alleged above are unfair and offend public policy, as they were and are unlawful, unfair, unscrupulous, fraudulent on the public, and substantially injurious to Plaintiff Nightlight and consumers.

54. The above acts by Defendant constitute unfair competition and unfair business practices in violation of California Business & Professions Code Section 17200 et seq., prohibiting unfair, unlawful, deceptive, fraudulent business practices.

55. As a direct and proximate result of the aforesaid acts of unfair competition, Defendant has wrongfully taken Nightlight's profits and the benefit of its creativity and investment of time, energy and money. Defendant should

therefore disgorge all profits from the sale of its infringing, inferior services, and further should be ordered to perform full restitution to Plaintiff as a consequence of its unfairly competitive activities. Defendant is also liable for any incidental, consequential, or other monetary damages proximately caused by its unfairly competitive activities.

56. Plaintiff is entitled to enjoin these practices.

57. As a direct and proximate result of Defendant's willful, wanton, and fraudulent acts and conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained from continuing such unfair business practices and acts of unfair competition.

58. Based on the foregoing clear and convincing details of Defendant's oppressive, fraudulent, malicious, willful, and/or intentional activities, an award of punitive damages pursuant to California Civil Code § 3294 should be awarded against Defendant.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests that this Court enter a judgment in its favor and against Defendant as follows:

    a. For an order preliminarily and permanently enjoining the Defendant Dotrenegade LLC, and its members, officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert, including Harleigh Abel, from committing any further acts of trademark infringement, false designation of origin, and unfair competition relative to Plaintiff and its SNOWFLAKES trademark;

b. For an order directing Defendant to file with this Court and to serve on the Plaintiff within thirty (30) days after service on Defendant of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction and order of the Court;

c. For a judgment that Defendant has willfully committed trademark infringement, false designation of origin, and unfair competition;

d. For a judgment requiring Defendant to account to Plaintiff for, and to pay Plaintiff, all profits derived by Defendant from its selling of infringing, unfairly competitive services;

e. For a judgment requiring Defendant to pay for all damages Plaintiff has suffered by virtue of Defendant's infringing and unfairly competitive activities, and false designation of origin, to be trebled because Defendant's unlawful actions were committed willfully and intentionally.

f. For a judgment awarding punitive damages to Plaintiff pursuant to California Civil Code § 3294;

g. For a judgment awarding to Plaintiff prejudgment and postjudgment interest until the award is fully paid by Defendant;

h. Deeming this to be an "exceptional case" within the meaning of 15 U.S.C. § 1117(a)(3), and awarding Plaintiff its attorneys' fees, expenses, and costs incurred herein; and,

i. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | MYERS ANDRAS ASHMAN BISOL LLP |
| Dated: October 11, 2022 | By: */s/ Joseph C. Andras* <br> Joseph C. Andras (Cal Bar 138181) <br> 19900 MacArthur Blvd., Ste 530 <br> Irvine, CA  92612 <br> Tel: 949-223-9600 <br> Email: ja@maablaw.com <br> *Attorneys for Plaintiff* |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues raised by the Complaint that are triable by jury.

Respectfully submitted,

MYERS ANDRAS ASHMAN BISOL LLP

Dated: October 11, 2022

By: */s/ Joseph C. Andras*
Joseph C. Andras (Cal Bar 138181)
19900 MacArthur Blvd., Ste 530
Irvine, CA 92612
Tel: 949-223-9600
Email: ja@maablaw.com
*Attorneys for Plaintiff*