|   |   |
|---|---|
| Joseph C. Andras (Cal Bar 138181)<br>**Myers Andras Ashman Bisol LLP**<br>19900 MacArthur Blvd., Ste 530<br>Irvine, CA  92612<br>Tel: 949-223-9600<br>Email: ja@maablaw.com | JS-6 |

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGHTLIGHT CHRISTIAN ADOPTIONS,<br><br>            Plaintiff,<br><br>     v.<br><br>DOTRENEGADE LLC,<br><br>            Defendant. | Case No. 8:22-cv-01848 DOC(ADSx)<br><br>**JUDGMENT [28]**<br><br>Judge:  Hon. David O. Carter<br><br>Date:  February 27, 2023 (Monday)<br>Time: 8:30 AM<br>Courtroom: 10A<br>Complaint Filed: October 11, 2022 |

After consideration of plaintiff NIGHLIGHT CHRISTIAN ADOPTIONS' ("Plaintiff") motion for default judgment and permanent injunction against defendant DOTRENEGADE LLC ("Defendant"), all other papers filed herein, and good cause appearing, the Court hereby GRANTS the Motion for Default Judgment (Dkt. 28) and orders as follows:

  IT IS ORDERED that Plaintiff's motion is granted in its entirety;

  IT IS ORDERED that judgment is entered for Plaintiff and against Defendant;

  IT IS ORDERED that Plaintiff is the exclusive owner of the SNOWFLAKES mark and that such mark is valid and protectable;

IT IS ORDERED that Defendant and, as applicable, its officers, agents, servants, directors, employees, servants, partners, representatives, assigns, successors, related companies, and attorneys and all persons in active concert or participation with Defendant or with any of the foregoing be enjoined preliminarily during the pendency of this action and permanently thereafter from:

a. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services offered under the SNOWFLAKES mark or any other mark, name, symbol, or logo, which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that Defendant caused to enter the stream of commerce or any of Defendant's commercial activities are sponsored or licensed by Plaintiff, are authorized by Plaintiff, or are connected or affiliated in some way with Plaintiff or its SNOWFLAKES mark;

b. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services offered under the SNOWFLAKE BABY mark or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to Plaintiff's SNOWFLAKES mark;

c. Implying Plaintiff's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendant's goods, services, or commercial activities or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Plaintiff and from otherwise interfering with or injuring the SNOWFLAKES mark or the goodwill associated therewith;

d. Representing or implying that Defendant is in any way sponsored by, affiliated with, or licensed by Plaintiff; or

1        e. Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) to (e) above;

       IT IS ORDERED that Defendant be required to deliver to Plaintiff for destruction any and all packaging, printed graphics, promotional materials, business cards, signs, labels, advertisements, flyers, circulars, and any other items in any format, e.g., electronic, digital, or on paper, in its possession, custody, or control bearing the SNOWFLAKE BABY mark or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the SNOWFLAKES mark;

       IT IS ORDERED that withing seven days of service of this order on Defendant, Defendant shall proactively abandon U.S. Application No. 97354373 for SNOWFLAKE BABY;

       IT IS ORDERED that withing seven days of service of this order on Defendant, Defendant shall cease operating a website at the <snowflakebaby.com> domain;

       IT IS ORDERED that within seven days of service of this order on Defendant, Defendant provide Plaintiff with all account administration, authorization, and information Defendant possesses concerning the <snowflakebaby.com> domain name and any other domain name owned or controlled by, or registered to, Defendant that consists of, includes, or is confusingly similar to the SNOWFLAKES mark – including, but not limited to, account user names and passwords – needed to enable Plaintiff to direct the transfer of any such domain names to Plaintiff, and that Defendant cooperate with Plaintiff in obtaining the transfer;

       IT IS ORDERED that if Defendant does not comply with this order within the time frame provided or does not comply at all, Plaintiff may serve this order on (1) the domain name registrar for the <snowflakebaby.com> domain name to have the

registrar transfer the domain name to Plaintiff without Defendant's cooperation. Plaintiff may also move for contempt against Defendant to obtain compliance with this order and/or for sanctions against Defendant.

      IT IS SO ORDERED.

Dated: March 29, 2023

*David O. Carter*

Honorable David O. Carter
UNITED STATES DISTRICT JUDGE